Alexander PATTERSON, IV,
Plaintiff-Appellant,

v.

George A. SYNC, et al., Defendants-Appellees.

No. 15-13209
Non-Argument Calendar

United States Court of Appeals,
Eleventh Circuit.

(April 5, 2017)

Alexander Patterson, IV, Pro Se

Before WILSON, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Alexander Patterson, IV, proceeding *pro se*, appeals from a district court order adopting a magistrate judge's report and recommendation ("R&R") entering an injunction requiring Patterson to post a bond before filing certain future lawsuits. For the reasons stated below, we vacate the injunction.

Patterson filed a complaint *in forma pauperis* ("IFP") against current and former Chatham County, Georgia District Attorneys. The magistrate judge recommended dismissing Patterson's complaint as frivolous.[1] The magistrate judge also noted that Patterson had filed frivolous lawsuits against approximately 20 defendants over a several month period. She therefore recommended that Patterson be required to post a $10,000 bond as a condi-

---

1. A judge of this Court granted Patterson leave to proceed IFP solely to the extent he challenged the district court's injunction, so we do not consider the dismissal of his complaint.

tion of filing any future actions against any bank, hospital, or government officer or entity. According to the magistrate judge, the bond would provide a source from which sanctions could be drawn if future claims were found to be groundless. Patterson did not object, and the district court adopted the magistrate judge's R&R in full.

Patterson's appeal raises no identifiable issues. Even though we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal are abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). However, our precedent recognizes a rare exception: "Whenever the record of a case on appeal discloses plain error requiring corrective action in order to prevent a miscarriage of justice, this court may sua sponte reveal the error and decide the case accordingly." *Cruthirds v. RCI, Inc.*, 624 F.2d 632, 636 (5th Cir. 1980).[2]

Here, the district court's injunction requiring Patterson to post a hefty bond before filing any future action against any bank, hospital, or governmental officer or entity amounts to a miscarriage of justice. A litigant's right of access to the courts is "unquestionably a right of considerable constitutional significance." *Miller v. Don-*

ald, 541 F.3d 1091, 1096 (11th Cir. 2008). Courts may impose conditions on access, but they also must ensure that "indigent litigants are not completely prohibited from seeking judicial relief." *Id.* at 1096–97. The record here supports the conclusion that Patterson is indigent, with a monthly income of less than $800. Given his meager income, requiring a $10,000 bond would have the effect of completely barring Patterson's access to federal court in cases against the federal and state governments or their officers, as well as hospitals and banks.

Our conclusion here is no repudiation of the district court's authority to manage its own docket. "In devising methods to attain the objective of curtailing the activity" of serial litigators, however, "courts must carefully observe the fine line between legitimate restraints and an impermissible restriction on [such an individual's] constitutional right of access to the courts." *Procup v. Strickland*, 792 F.2d 1069, 1072 (11th Cir. 1986) (en banc). We instruct the district court on remand that it may exercise its considerable discretion to take steps including any of the measures outlined in our *Procup*[3] opinion or to impose any other restriction it deems appropriate,

---

**2.** Decisions of the former Fifth Circuit rendered prior to close of business on September 30, 1981 are binding on this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

**3.** Although *Procup* dealt with serial prisoner litigation, many of the steps we outlined in *Procup* are equally applicable here. In that opinion, we noted that some district courts have:

—enjoined prisoner litigants from relitigating specific claims or claims arising from the same set of factual circumstances;
—required litigants to accompany all future pleadings with affidavits certifying that the claims being raised are novel, subject to contempt for false swearing;

—directed the litigant to attach to future complaints a list of all cases previously filed involving the same, similar, or related cause of action, and to send an extra copy of each pleading filed to the law clerk of the chief judge of the district;
—directed the litigant to seek leave of court before filing pleadings in any new or pending lawsuit;
. . .
—limited the number of filings by a particular inmate[; and]
. . . .
—limit[ed] ... the number of pages to a complaint and other pleadings
. . . .

*Procup,* 792 F.2d at 1072–73 (footnotes omitted).

so long as such action also leaves Patterson with reasonable ability to access the federal courts.

We vacate the district court's injunction requiring Patterson to post a $10,000 bond before filing future cases against certain persons or entities and remand the case for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**